UNITED STATES v. UNITED STATES FIDELITY & GUARANTY CO.
OF BALTIMORE, MD.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1915.)

No. 1299.

1. LIMITATION OF ACTIONS ⬅35—APPLICATION OF STATUTORY PROVISIONS.

Rev. St. § 1047 (Comp. St. 1913, § 1712), providing that no suit or prosecution for any penalty or forfeiture accruing under the laws of the United States shall be maintained, when not otherwise specially provided, unless commenced within five years from the time when the penalty or forfeiture accrued, had no application to an action against the surety for breach of a distillery bond, consisting of the removal of spirits from the distillery without the payment of the internal revenue tax thereon, as the suit was not to recover a statutory penalty or forfeiture.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 109, 158–167; Dec. Dig. ⬅35.]

2. INTERNAL REVENUE ⬅23—ACTION ON DISTILLERY BOND—PLEADING—NATURE OF ACTION.

In an action for breach of a distillery bond, consisting of the removal of spirits from the distillery without paying the internal revenue tax thereon, the recital in the complaint of an assessment by the Commissioner of Internal Revenue did not have the effect of basing the suit upon the assessment, or preclude recovery as in an action of debt, as it might fairly be regarded as merely asserting a prima facie measure of damages.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 62–67; Dec. Dig. ⬅23.]

3. INTERNAL REVENUE ⬅23—ACTION ON DISTILLERY BOND—DEFENSES.

It was not a defense to an action against the surety for breach of a distillery bond, consisting of the removal of spirits from the distillery without the payment of the internal revenue tax thereon, that under the facts and circumstances disclosed it was unconscionable for the government to extort from the surety the large sum for which the suit was brought.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 62–67; Dec. Dig. ⬅23.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; James E. Boyd, Judge.

Suit by the United States against the United States Fidelity & Guaranty Company of Baltimore, Md. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Clyde R. Hoey, Asst. U. S. Atty., of Shelby, N. C., and A. E. Holton, of Winston-Salem, N. C. (W. C. Hammer, U. S. Atty., of Ashboro, N. C., on the brief), for the United States.

G. S. Bradshaw, of Greensboro, N. C., for defendant in error.

Before KNAPP and WOODS, Circuit Judges, and WADDILL, District Judge.

KNAPP, Circuit Judge. The United States brought this suit on the 21st of September, 1911, against the defendant as surety on the bond of Dart C. Foster, who operated grain distillery No. 3, in the Fifth collection district of North Carolina, from the 20th of May, 1905, to the 31st of December of that year. The bond was for $6,000, and conditioned, among other things, that Foster "shall in all respects faithfully comply with all the provisions of law relating to the duties and business of distillers," etc. The evidence tends to show that large quantities of spirits were removed from the distillery, during the period mentioned, on which the government tax, amounting to more than the penalty of the bond, has never been paid, and that this was a breach of the bond is not disputed. The defenses set up are based upon allegations which may be summarized as follows:

It appears that after the execution of the bond, and on the 6th of November, 1905, the spirits on hand and all the apparatus belonging to the distillery, together with the land on which it was located, were seized by the government and taken into custody; that on the 8th of December following the property was released and restored to Foster, without the assent or knowledge of the defendant; that in January, 1909, Foster conveyed the distillery to one Williams, and thereupon left the country for Mexico where he has since resided; that with full knowledge of these facts the distillery property was again seized by the government in April, 1910, and shortly thereafter released to Williams, without the assent of the defendant; that such seizure and restoration to Williams terminated the defendant's liability; that the plaintiff neglected to enforce the liens acquired by its seizures and to preserve its lien rights thereunder, and that by reason of such failure and the relinquishment of its liens without the knowledge of defendant the latter was discharged of liability upon the bond; that the plaintiff "failed, within 15 months from the time of the delivery of the list to the collector, to enter or make the assessment contemplated and required by section 3182 [Comp. St. 1913, § 5904]; and that such assessment was not entered or made until nearly five years after the time it should have been made and entered of record, and the said defendant pleads said statute in bar of any recovery in this action." It further appears that the spirits in question, on which the tax was not paid, were removed by or with the connivance of certain agents and employés of the government.

At the close of the evidence the court made the following ruling, the correctness of which is challenged by the assignments of error:

"There is no evidence that this information did not come to the commissioner of internal revenue within fifteen months. Both sections 3182 and 3253 [Comp. St. 1913, §§ 5904, 5988] must be considered in connection with this case. It is admitted that the taxes are claimed for a part of the year 1905, ending with December 31st of that year, and the assessment is made on the September list, 1910, about five years later. Therefore the assessment cannot be sustained under section 3182. The attorney for the United States insists that the provisions of section 3253 validate the assessment, but there is no evidence that the facts upon which the assessment is based did not come to the knowledge of the taxing authorities before the expiration of 15 months from the time the 1905 lists were furnished. The district attorney then insists that the plaintiff is entitled to recover in the action as in debt, but the court construes the complaint as based upon the assessment. The court holds that the plaintiff is not entitled to recover upon the complaint and this testimony, and directs the jury to return a verdict for the defendant."

The question thus presented is whether, under the averments of the complaint and proofs of record, the plaintiff is entitled to recover, or to have its case submitted to a jury, and this question will now be briefly considered.

[1] In the first place, we are of opinion that the action is not barred by any statute of limitations. The defendant cites and apparently relies upon section 1047 of the Revised Statutes (Comp. St. 1913, § 1712), which reads as follows:

"No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued."

But this suit is brought upon the bond of a surety, and not to recover a statutory penalty or forfeiture, and it seems clear to us that the section quoted has no application.

[2] In the second place, we are not prepared to sustain the ruling of the court below, if its ruling is to be so understood, that plaintiff's action must fail because, as is alleged, the complaint sets forth a cause of action under section 3182, and the proofs do not make out a case under that section. To our minds this is a rather narrow and technical construction of the pleading. The fourth paragraph of the complaint alleges that the distillery was operated under defendant's bond from the 20th of May, 1905, to the 1st of May, 1906, and that 21,600 gallons of spirits were produced during this period, which were removed without payment of the tax. The recital of an assessment of $23,760 by the Commissioner of Internal Revenue need not be given the effect of basing the suit upon this assessment, but can fairly be regarded, we think, as merely asserting a prima facie measure of damages. The substantial cause of action set up is a breach of the bond arising from the wrongful removal of the spirits, and the reference to the assessment should not preclude recovery in an action of debt, if such an action be established by the evidence. Indeed, it was held in Dollar Savings Bank v. United States, 86 U. S. (19 Wall.) 227, 240, 22 L. Ed. 80, that an action of debt may be main-

tained in a case of this kind without any assessment. In short, we are persuaded that consideration of the merits of the controversy, under the proofs submitted, should not be prevented by a doubtful question of pleading.

It is not necessary to question the statement of the learned judge that "sections 3182 and 3253 must be considered in connection with this case." Both sections are parts of the scheme of revenue taxation, and may, of course, for certain purposes be taken together. Nevertheless, it does not follow that the 15 months provision in section 3182 puts a limitation upon the powers conferred by section 3253, even if the former section be construed in accordance with the defendant's contention. But that contention, as we read the cases, has not heretofore been upheld by the courts. The defendant cites no decision in point, and none has otherwise come to our notice. In general, it may be said that the authorities tend to sustain a contrary conclusion. Among the illustrative cases are Dollar Savings Bank v. United States, supra, Dandelet v. Smith, 85 U. S. (18 Wall.) 642, 21 L. Ed. 758, Hart v. United States, 95 U. S. 318, 24 L. Ed. 479, King v. United States, 99 U. S. 229, 25 L. Ed. 373, United States v. Guest, 143 Fed. 456, 74 C. C. A. 590, United States v. Sisk, 176 Fed. 885, 100 C. C. A. 355, and the recent case in this court, United States Fidelity & Guaranty Co. v. United States, 220 Fed. 592, 136 C. C. A. 50, decided November 28, 1914.

[3] An earnest argument is made that under the facts and circumstances here disclosed it is unconscionable for the government to extort from defendant the large sum for which this suit is brought; but, even if this charge be true, it would not avail as a defense to the pending action. In the nature of the case it must happen that the enforcement of contract obligations, as well as legislative enactments, will now and then work hardship and seem to be highly inequitable. This may be an instance in point, but there is no warrant for our interference on that ground, if proof is made of legal liability.

We are of opinion that the government was entitled to have its case submitted to the jury, and the judgment must therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.