**GRAY MOTOR CO. et al. v. UNITED STATES.**

(Circuit Court of Appeals, Fifth Circuit. January 3, 1927.)

No. 4816.

1. Internal revenue ⊗=25—Collateral attack on income tax assessment in action on bond for payment held not permissible.

Collateral attack on assessment of income tax may not be had in action on bond for payment of amount finally adjudicated by Commissioner of Internal Revenue, on claim for

abatement, to be due; but, desiring to dispute the assessment, the tax should be paid and steps taken to recover it back.

2. Internal revenue ⊗=23—Action on bond for payment of income tax held maintainable within five years after filing of return (Revenue Act 1924, §§ 277, 1009 [Comp. St. §§ 6336½zz(4), 6371⅝k]).

Action on bond given on claim for abatement for payment of amount of income tax that may finally be adjudicated by Commissioner of Internal Revenue to be due can be maintained within the five years after return was filed, limited by Revenue Act 1924, §§ 277, 1009 (Comp. St. §§ 6336½zz[4], 6371⅝k) for action where no bond is given.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action by the United States against the Gray Motor Company and others. Judgment for plaintiff, and defendants bring error. Affirmed.

W. J. Rutledge, Jr., of Dallas, Tex., for plaintiffs in error.

Henry Zweifel, U. S. Atty., and N. A. Dodge, Asst. U. S. Atty., both of Fort Worth, Tex. (Alexander W. Gregg, Gen. Counsel Bureau of Internal Revenue, and C. C. McCormick, Atty. Bureau of Internal Revenue, both of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This case comes up on an agreed statement of facts. Those material to a decision are as follows:

The Gray Motor Company, a Texas corporation, hereafter referred to as the company, was in the automobile business in Dallas. Its fiscal year ended February 29th. On May 29, 1920, it filed its income and property tax return, showing that it was indebted to the United States in the sum of $2,256.57. At the same time a payment of $564.15 was made, leaving a balance due of $1,692.42. On November 20, 1920, a claim for abatement of the balance of the tax was filed, and in connection therewith the company executed a bond in the sum of $2,100, to Scott Reed, collector of internal revenue, to secure the payment of $1,692.42, shown to be due under the return. On this bond W. O. Connor and F. F. Florence, the other plaintiffs in error, were sureties. Briefly stated, the condition of this bond was that the company should promptly pay the amount finally adjudicated by the Commissioner of Internal Revenue to

be due the United States by the company for the year 1919 as taxes, penalties, and interests. Thereafter the return was audited, and the Commissioner of Internal Revenue determined that an overassessment of $365.16 had been made. A certificate to that effect was issued and the amount credited upon the account of the company, reducing the outstanding taxes against it to $1,327.27, and the claim for abatement was denied and rejected. This amount was not paid, and on May 29, 1925, suit was brought on the bond. The company and the sureties filed answers, in which in substance they denied there was anything due, pleaded the statute of limitations of five years, and set up that Tom Gray, the manager of the company, had been guilty of fraudulent acts by which the company had lost money, so that in fact no profit was earned during its fiscal year 1919.

The District Court sustained demurrers to that part of the answer setting up the statute of limitations and fraudulent acts of the manager of the company. The jury was waived, and judgment was entered in favor of the United States against the company and the sureties in the sum of $1,327.27, with interest at the rate of 1 per cent. per month from November 14, 1922, and costs. Error is assigned to the sustaining of the demurrers, to the exclusion of evidence to sustain the allegations of the answer demurred to, and to the entering of the final judgment.

[1] Extended discussion and citation of authority are unnecessary to sustain the ruling of the District Court. The suit was on a bond, the condition of which had been clearly breached. By giving bond the company postponed payment of the amount admitted to be due by the return and secured immunity from distraint of its assets. To contest the amount of tax found to be due by the Commissioner in this proceeding would be to permit a collateral attack upon the assessment, something not countenanced by the law. If the company desired to dispute the assessment, the way was open by paying the tax and taking the proper steps to recover it back.

[2] In any aspect of the case the plea of limitation is without merit. Had no bond been given, and the suit had been merely to collect the tax, it would have been timely, as it was brought within five years after the return was filed. Sections 277, 1009, Revenue Act of 1924 (Comp. St. §§ 6336¹/₆zz(4), 6371⁵/₆k). No other statute of limitation is relied on.

No error appearing in the record, the judgment appealed from is affirmed.