## ROBERTS SASH &. DOOR CO. v. UNITED STATES.

No. K–65.

Court of Claims.

March 12, 1930.

Jesse I. Miller, of Washington, D. C., for plaintiff.

Arthur J. Iles, of Indianapolis, Ind., and Herman J. Gallaway, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, LITTLETON, GRAHAM, and GREEN, Judges.

GREEN, Judge.

This is a suit to recover $3,205.54, income and profits taxes for the calendar year 1920, which was collected from the plaintiff after the statute of limitations had run. In answer, the defendant alleges and the evidence shows that before the statute of limitations had run, the plaintiff filed a bond with surety for the payment of such taxes as the Commissioner might determine to be due. Defendant contends that a liability upon the bond was substituted for plaintiff's tax liability, and that the collection was merely a satisfaction of the amount that was due on the bond. This presents the sole issue in the case.

In the brief filed by plaintiff's counsel, it is practically conceded that if what is referred to as a "proper bond" had been filed, the collection was authorized whether it was a collection of the tax or a collection of the liability on the bond, but counsel for plaintiff urges that since the bond recited—

"Whereas, the above-bounden principal has filed or is about to file a claim in abatement, * * * *" and as no claim in abatement was in fact filed, the bond never became a binding obligation. There is no dispute about the facts, but we are unable to agree with this contention, which is based on the theory that a claim for abatement had to be filed in order to furnish a consideration for the bond. The statement in the bond that the principal had filed, or was about to file, a claim in abatement was signed and authorized by plaintiff's officers, who executed the bond, but in our view it was entirely immaterial whether or not plaintiff saw fit afterwards to file the plea in abatement. The consideration for the bond was in the fact that a tax had been assessed, and by reason of the filing of the bond its collection was postponed. The validity of the bond was not affected by the failure to file the plea in abatement.

The surety bond above referred to was filed after the plaintiff had filed with the collector a claim for credit in the sum of $3,965.56 based on alleged overpayments for the years 1912 to 1919. The purpose of filing the bond was evidently to obtain a postponement of the collection of the tax until the collector or Commissioner could determine whether the plaintiff was entitled to any part of the credit so claimed. Subsequently, the Commissioner passed on the claim for credit which was allowed in part. This allowance was credited on unpaid assessments against the plaintiff and after the application thereon of the credits, there remained an unpaid balance of $2,428.44.

Plaintiff contends that the filing of a claim for credit is not the same as the filing of a claim in abatement. We see no reason to determine whether it was or not, as in any event this matter would not affect the validity of the bond or the collection of the amount which the Commissioner found still to be due.

On oral argument, it was suggested that if the tax had not been paid and suit had been brought on the bond by the defendant, there could be no recovery of the tax from the plaintiff on account of the manner in which the bond was executed. We can see no materiality in this, as the case must be decided on the facts as they are, and not as if the suit had been begun in a different manner and upon different facts. Moreover, the bond unquestionably created a liability for the taxes which was discharged by the payment thereof.

Having reached these conclusions, under the rules laid down in Gray Motor Co. v. United States (C. C. A.) 16 F.(2d) 367; United States v. Rennolds (D. C.) 27 F.(2d) 902; McCaughn v. Philadelphia Barge Co. (D. C.) 27 F.(2d) 628; and United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; the collection of the amount covered by the bond, namely, "such tax found by the commissioner to be due, with interest at the rate prescribed by law," was authorized.

It follows that the petition must be dismissed, and it is so ordered.

BOOTH, Chief Justice, and WILLIAMS, LITTLETON, and GRAHAM, Judges, concur.