## HUGHSON v. UNITED STATES.
### No. 6644.

Circuit Court of Appeals. Ninth Circuit.
May 23, 1932.

Rehearing Denied June 24, 1932.

Harry F. Sullivan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by the United States to recover upon four bonds executed by appellant Hughson, as surety, and defendant Hader, as principal, for the purpose of staying the collection of deficiency taxes assessed against defendant Hader for the years 1920, 1921, 1922, and 1923. Defendant Hader not being before the court, judgment was rendered against appellant only, for the amount of the bonds, together with interest thereon at the rate of 6 per cent. per annum from the date of the bond to July 15, 1928, and thereafter at 12 per cent. per annum. Appellant set up lack of consideration for the bonds. One of the recitals of the bonds was as follows: "Whereas, the principal herein has perfected an appeal from the determination of the Commissioner assessing the deficiency tax for the year ———, and desires that the payment of the deficiency tax be extended until the determination of said appeal, as a matter of fairness and justice."

In view of this recital, it is contended by appellant that there was no consideration for the bonds because they were executed under the erroneous assumption that appeals had been perfected, whereas the appeals were in fact taken prematurely. There is no merit in this contention.

The trial court found that the consideration for the bonds was that the collector should refrain from enforcing immediate payment of the tax which he did until after the petition for abatement filed by the taxpayer had been considered and determined by the Commissioner. A somewhat similar question was disposed of by the Court of Claims in Roberts Sash & Door Co. v. United States, 38 F.(2d) 716, 717, which was affirmed by the Supreme Court in 282 U. S. 812, 51 S. Ct. 185, 75 L. Ed. 727, on the authority of United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743. The only distinction between these cases and the case at bar is that in the case of Roberts Sash & Door Co. v. United States, supra, the recital in the bond was that the taxpayer was about to file a claim in abatement, whereas he filed no such claim. The Court of Claims said: "The consideration for the bond was in the fact that a tax had been assessed, and by reason of the filing of the bond its collection was postponed. The validity of the bond was not affected by the failure to file the plea in abatement."

Appellant claims that the action is barred by the provisions of section 791, tit. 28, USCA, which provides that: "No suit or prosecution for any penalty or forfeiture, pecuniary, or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced

within five years from the time when the penalty or forfeiture accrued;" etc.

Section 791, supra, has no application to a suit on a bond to recover the penalty therein fixed for a breach thereof. The section applies to a penalty or forfeiture "imposed in a punitive way for an infraction of a public law." Meeker v. Lehigh Valley R. R., 236 U. S. 412, 423, 35 S. Ct. 328, 332, 59 L. Ed. 644, Ann. Cas. 1916B, 691. There is nothing in Farni v. Tesson, 1 Black (66 U. S.) 309, 17 L. Ed. 67, cited by appellant, in conflict with this view. See, also, United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743, supra.

■ Appellant claims that the bonds were not accepted or approved. The trial court found as a fact that the collector acted upon the bonds in delaying collection of the tax in accordance with his purpose. This was sufficient to constitute the bond an enforceable contract.

■ Appellant claims that neither the bonds nor abatement claims were filed in time. As already pointed out, it is immaterial whether the claims in abatement were ever filed. Roberts Sash & Door Co. v. United States (Ct. Cl.) 38 F.(2d) 716, supra.

■■ Appellant claims that there was an accord and satisfaction arising from the fact that appellant tendered a check for $100 in full settlement of the claims of the government against him. It is claimed that by indorsing and collecting this check an accord and satisfaction was established. Appellant cites numerous cases on this subject, none of which deal with transactions with the government. The collector who received the check had no authority to compromise the claim against the appellant by express agreement, much less by implication. Section 3229, Rev. St. (26 USCA § 158); Botany Worsted Mills v. United States, 278 U. S. 282, 49 S. Ct. 129, 130, 73 L. Ed. 379. The assent of the Secretary of the Treasury is essential to a compromise of any civil case "arising under the internal-revenue laws." See Botany Worsted Mills v. United States, supra.

■■ Appellant claims that the allowance of interest at 12 per cent. per annum after July 15, 1928, is erroneous. But the bonds in suit imposed a liability for the deficiency in tax plus all penalties and interest. The bonds were given on August 18, 1925, under the Revenue Act of 1924, which provides that, where an extension of time is given, interest runs on the deficiency at 6 per cent. for the period of the extension and thereafter at 1

per cent. per month. Revenue Act 1924, § 274 (g), 43 Stat. 298 (26 USCA § 1054 and note). The same rule applies to jeopardy assessments such as these made under section 276 (a) (2) and section 274 (d) of the Revenue Act of 1924; (26 USCA § 1056 (a) (2), and § 1051 note); and section 279 (a) of the Act (26 USCA § 1063 note) provides for interest at the rate of 1 per cent. per month, if the amount included in the notice and demand is not paid within ten days after such notice and demand. The demand referred to is that made by the collector upon the taxpayer after the claim in abatement has been rejected in whole or in part. A similar provision occurred in the Revenue Act of 1926 and the Revenue Act of 1928. Sections 274 (k), 276 (a) (2), (b), and 279 (j), Revenue Act of 1926, 26 USCA §§ 1054 and note, 1056 (a) (2), (b) and note, 1051 (j); sections 273 (f) and 294 (a), (b), Revenue Act of 1928, 26 USCA §§ 2273(f), 2294 (a), (b). The notice of the rejection of the claim for abatement and demand for the tax was made on the taxpayer on December 9, 1927, and on the bondsman July 14, 1928. The government was entitled to interest at 12 per cent. at least as soon as July 15, 1928. United States v. Maryland Casualty Co. (C. C. A.) 49 F.(2d) 556.

There is no other point raised which merits discussion.

Judgment affirmed.