**UNITED STATES v. SPRINGER & LOTZ et al.**

**No. 298.**

Circuit Court of Appeals, Second Circuit.
March 12, 1934.

820

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Herbert H. Kellogg and Emanuel Bublick, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Spencer Pinkham, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This is an appeal from a judgment dismissing a complaint at law on the pleadings. The complaint alleged that the defendants, Springer & Lotz, retail druggists in Long Island, made application for a permit to sell intoxicating liquors while the Eighteenth Amendment was in force. This was granted upon condition that they file a bond, executed both by themselves and a surety, and conditioned that it should be void, if they should "pay all taxes, assessments and penalties payable by said principal under the National Prohibition Act * * * and other internal revenue laws." They executed the bond on July 3, 1922; the defendant, American Surety Company, joining as surety; and a permit was issued to them on the strength of it. Between August first, 1922, and the sixteenth of the following October, they unlawfully sold seventy gallons of whisky on fraudulent prescriptions, and became liable to certain penalties under the statute. This action upon the bond was begun on October 25, 1932, and the defendant surety moved to dismiss it under the statute of limitations for penalties, section 791, of title 28 USCA. The amounts sought to be recovered were of four kinds: First, a special tax as a retail dealer, doubled under section 35 of title 2 of the National Prohibition Act (27 USCA § 52); second, a 25% penalty for failure to file returns as such dealer; third, a penalty of $500 for unlawful sales as retail liquor dealer under the same section; fourth, the differential tax under section 600 of the Revenue Act of 1921 (42 Stat. 285 [26 USCA § 245 note]),—$4.20 a gallon. The judge decided that all four items were penalties, and that although the action was on the bond, the statute of limitations applicable to penalties was a defence. The plaintiff appealed.

We need not say whether a surety is discharged by failure of the creditor to sue the principal before the statute of limitations runs in his favor. Springer & Lotz were principals in the bond and if the surety is liable, so are they; the plaintiff has not released them any more than he has released the surety. Moreover, the case does not turn, strictly speaking, upon whether section 791 applies to an action like this, an action upon a bond. On that the plaintiff would win; ignoring the strictness with which statutes of limitation are construed (United States v. Nashville, etc., Ry. Co., 118 U. S. 120, 125, 6 S. Ct. 1006, 30 L. Ed. 81), the action is not a "suit or prosecution for any penalty or forfeiture * * * accruing under the laws of the United States"; it is brought upon a promise to pay such penalties or forfeitures, and if that promise be broken, no statute of limitations tolls the action. Rather the question is whether the condition of the bond covers penalties or other liabilities which have become uncollectible by lapse of time, or for any other reason. The language is that the "principal shall pay * * * penalties payable" by him "and all other lawful debts * * * owing to the United States." Does a penalty, which can no longer be collected, remain payable? It may not so remain, even though a barred tax or assessment might still be "owing," for the bar of the statute usually merely goes to the remedy. Verbally at any rate the penalty is no longer "payable." Substantially too the same result is reasonable. The bond was mere security for the principals' good conduct; to hold them to the terms of their permit; to make them doubly liable for any penalties they might incur. As security it would normally stand or fall with the principal debt. It appears to us most unlikely that the parties would have meant to include a penalty which could not itself be collected. It is true that there was a breach of the bond as soon as the penalties became "payable," and it may be asked how the cause of action so arising can be defeated, unless by a statute which should toll it. We find no difficulty in that. If the purpose of the bond was merely ancillary to the penalties themselves, its promise is to be read as conditioned upon the continued "payability" of the liability, and while the condition subsequent so implied does indeed run pari passu with the statute of limitations, still it is not a limitation by law against a cause of action on the bond, but by convention.

So far as we have found, the question is res integra except possibly for United States

v. United States F. & G. Co., 221 F. 27 (C. C. A. 4). We agree in so far as that decision held that section 791 of title 28 USCA does not apply to an action on a bond, and the rest of the holding is irrelevant. The bond was conditioned upon the principal's compliance with the law, as indeed was that at bar. The only issue was whether the taxes had been outlawed, and the court held that even if their assessment had been, they were still recoverable in debt by a distraint under R. S. § 3253 (26 USCA § 251). But here if the penalties are outlawed there is no other liability on which to sue, or remedy by which to collect. There is also a class of cases in which a taxpayer or other obligor to the government secures an extension of execution in consideration of a bond to secure the liability. When he has later asserted as a defence that the statute has tolled action upon the principal liability and with it action on the bond, he has always been unsuccessful. United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; Gray Motor Co. v. U. S., 16 F.(2d) 367 (C. C. A. 5); Roberts Sash & Door Co. v. U. S., 38 F.(2d) 716 (Ct. Cl.); Hughson v. U. S., 59 F.(2d) 17 (C. C. A. 9). In such cases the condition cannot mean that the obligor shall be released if action on the principal debt is tolled, for that would defeat the obvious purpose of the transaction. The obligor wishes to hold off execution and gives the bond for that reason; the obligee will normally understand that his delay of execution will not destroy the liability; that on the contrary it is not intended to defeat it but merely to extend it. Any other construction would deny the presupposition of the parties that the bond is to preserve the liability. Nothing of the sort is true in the case at bar; no penalty, no tax had arisen; perhaps none ever would; but if it did, the bond was to make certain that it should be discharged. It was only ancillary to the debt, and could not have been intended to survive it. The plaintiff also argues that the action may be treated as upon the breach of the other condition in the bond; that is, that the principals "shall comply with the terms of said permit." That might be true had any damages been alleged, but none were except the penalties, if they can be properly regarded as damages at all. They cannot; the only possible exception might be one half of the first item, but Lipke v. Lederer, 259 U. S. 557, 42 S. Ct. 549, 66 L. Ed. 1061; and U. S. v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551, decided that the whole of the double tax levied under section 35 of title

2 of the National Prohibition Act was a penalty. As to the fourth item, the tax of $4.20 under section 600 of the Revenue Act of 1921, Various Items v. U. S., 282 U. S. 577, 51 S. Ct. 282, 75 L. Ed. 558, is authoritative.

Judgment affirmed.