### UNITED STATES v. FRIEDMAN et al.
### No. 6294.

District Court, E. D. New York.
Oct. 29, 1934.

830

covery is sought against the defendants in the sum of $647.58, with interest from June 30, 1930.

The individual defendant was a retail druggist in Brooklyn and in April, 1921, filed an application for a permit to use and sell intoxicating liquor for non-beverage purposes, at his store. The application was accompanied by a bond dated April 5, 1921, on Form 1408, in the sum of $1,000.00, furnished by the corporate defendant, as surety.

The permit was issued April 8, 1921. The original bond was superseded by another in like amount on Form 1538, in the sum of $1,000.00, as of April 1, 1923.

The permit was renewed annually and, with the last-mentioned bond, remained in effect until revocation took place on November 29, 1929.

This action therefore was instituted within five years from that date.

It is alleged that prior to June 30, 1930, the individual defendant failed to comply with the terms of his permit and with the provisions of title 2 of the National Prohibition Act (27 USCA § 4 et seq.) and of the Internal Revenue laws respecting the use and sale of distilled spirits, and violated the same by illegal disposition of, and failure to account for, certain of the intoxicating liquor that he was permitted to use and sell, thereby incurring liability to pay to the United States taxes, assessments and penalties under the prohibition law and "other Internal Revenue laws" as follows:

| | | |
|---|---:|---:|
| "Tax as Retail Liquor Dealer, under Section 3244, R.S., for 10 months ended June 30, 1930, doubled under Section 35, Title II, of the National Prohibition Act | $41.67 | |
| Plus 25% penalty, under Section 3176 R.S. | 5.21 | |
| | 46.88 | $46.88 |
| "Penalty as Retail Liquor Dealer, under Section 35, Title II, National Prohibition Act | | 500.00 |
| "Tax on 19 gallons of spirits, at $5.30 per gallon, under Section 600 (a) Revenue Act of 1918, as amended | | 100.70 |
| | | $647.58." |

It is alleged that on or about April 15, 1930, due notice of the breach of the conditions of the bond and of the said indebtedness was given to both of the defendants, and demand was made for payment of the said sum.

The corporate defendant has answered, raising issues as to all of the foregoing allega-

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Vine H. Smith, Asst. U. S. Atty., of New York City, and Lester C. Dunigan, Atty., Tax & Penalty Unit, Department of Justice, of Washington, D. C., of counsel), for the United States.

Otto B. Schmidt, of New York City (Harry S. Hall, of New York City, of counsel), for defendant Fidelity & Casualty Co. of New York.

BYERS, District Judge.

This is an action at law in which the complaint was filed on June 4, 1934, wherein re-

tions save that it admits that it did execute a bond as surety for the individual defendant. As separate defenses, it pleads, first, the statute of limitations and, second, that the repeal of the Eighteenth Amendment bars recovery of said taxes or penalties. The matter is before the Court on a motion for judgment on the pleadings in favor of the corporate defendant, dismissing the complaint.

So far as the first separate defense is concerned, it must be apparent that it is insufficient because it does not appear that the penalties sought to be recovered ceased to be payable prior to the period of limitation. If it appeared from the complaint that the "payability" of the penalties was extinguished more than five years prior to June 4, 1934, the motion would have to be granted. United States v. Springer & Lotz (C. C. A.) 69 F. (2d) 819.

So much of the motion therefore must be denied.

As stated, the second defense is that, by reason of the repeal of the Eighteenth Amendment and the National Prohibition Act (27 USCA § 1 et seq.), no action will lie against the surety for the collection of any taxes or penalties as provided therein.

Attention must be given to the various items upon which the Government relies to sustain its cause.

The first is for the tax as retail liquor dealer doubled under section 35, title 2, of the National Prohibition Act (27 USCA § 52), amounting to $41.67. This item of double tax was a penalty exacted by the terms of the National Prohibition Act. United States v. Springer & Lotz, supra, and cases cited. With the repeal of the prohibition law effective December 5, 1933, the right to inflict punishment under that law came to an end. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. The payment of a penalty is in the nature of a punishment; i. e., it is punitive. United States v. La Franca, 282 U. S. 568, 51 S. Ct. 278, 75 L. Ed. 551. As to this item therefore the defense is thought to be sufficient.

The second item is the 25% penalty under section 3176, Revised Statutes, as amended (26 U. S. C. § 98 [26 USCA § 98]), which reads as follows:

"§ 98. *Same; Addition to Tax for Failure to File; Addition in Case of Fraud; Collection.* In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. In case a false or fraudulent return or list is willfully made, the Commissioner shall add to the tax 50 per centum of its amount.

"The amount so added to any tax shall be collected at the same time and in the same manner and as a part of the tax unless the tax has been paid before the discovery of the neglect, falsity, or fraud, in which case the amount so added shall be collected in the same manner as the tax."

It will be seen that the 25% is to be collected "as a part of the tax," and that the Commissioner of Internal Revenue is to add to the tax "25 per centum of its amount." This is thought to mean that in such a case the 25% penalty becomes part of the first item, and, if this is so, it must fall with it.

The third item, by its terms, is a penalty under section 35, title 2, of the National Prohibition Act (27 USCA § 52) and, for reasons stated with reference to the first item, the defense is sufficient.

The fourth item is stated to be a tax on 19 gallons of spirits, at $5.30 per gallon, under section 600 (a), Revenue Act of 1918, as amended (26 USCA § 245), and amounts to $100.70.

With respect to this, the Supreme Court said in the case of Various Items v. U. S., 282 U. S. 577, 579, 51 S. Ct. 282, 283, 75 L. Ed. 558:

"Included in the $6.40 is the basic tax of $2.20, which is not a penalty but a true tax. Only the remaining part of the $6.40 may be regarded as a penalty; but, whether the exaction be a tax or a penalty or partly one and partly the other, there is no constitutional objection to enforcing it by forfeiture of the offending property. See United States v. One Ford Coupé, 272 U. S. 321, 328, 329, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025."

So much therefore of the last item as is in excess of the true tax imposed by the Revenue Act is clearly a penalty, but the Government urges that this does not dispose of the question, for the reason that enforcement of the provisions of the revenue law, which reflect the taxing power of Congress (which antedated and survived the prohibition law) is not to be confused with the punishment meted out to violators of the latter statute.

This would be convincing, were it not for the plainly apparent fact that this particular provision of the revenue law was intended to constitute a part of the statutory structure having to do with the enforcement of national prohibition, as is shown by the enactment of the liquor taxing act of 1934, approved January 11, 1934, by the terms of section 2 of which, paragraphs 3 and 4 of subdivision (a) of section 600 of the Revenue Act of 1918, as amended, were further amended (26 USCA § 245 (3, 4) so as to prescribe new and lower rates of taxes on distilled spirits, consonant with legal traffic therein.

That act was in force many months before the present suit was begun and may be taken to represent the views of Congress as to the proper measure of true tax to be paid upon such products, when moving lawfully.

To yield to the contentions of the Government that the power of Congress to enact or to provide for the collection of a sum of money such as the penalty part of the Internal Revenue statute in question did not depend upon the Eighteenth Amendment to the Constitution, is to refuse to see the obvious, namely, that Congress intended to punish a prohibition law violator according to the terms of the prohibition law, and also according to the terms of the revenue law as it existed when this individual defendant is said to have offended. That power to punish is thought to have come to an end when the prohibition law was repealed, and the defense is therefore sufficient as to the punitive element embraced in the fourth item. There remains to consider the basic tax element, as to which the Government might be thought to be entitled to judgment, as its measure of damages as for the breach of the contract which forms the basis of this action.

The argument would be plausible if in any true sense there ever was a contract on the part of the individual defendant to pay even the basic tax, but of course there was not, for it was never possible for him to do so, so long as the prohibition law was in force.

However expedient it might have been to reason that it was competent for Congress to forbid traffic in distilled spirits in one statute, and to provide in another that a tax should be paid to the United States for doing the forbidden thing, the inconsistency is not susceptible of expansion to the point of holding that the violator of the law must be thought to have contracted to pay the tax, which he could never in fact have paid, no matter what effort he put forth to that end, and must now respond in damages for breach of that contract.

The engagement of the surety was measured by that of the individual defendant, and, for the reasons stated, it is not thought that the latter ever contracted to pay a tax under section 600 (a) of the Revenue Act of 1918, as amended, but rather that he contracted not to violate the permit issued to him under the National Prohibition Act (27 USCA § 1 et seq.).

The second defense is therefore thought to be sufficient, as there are no issues of fact which require determination in connection with it. Accordingly, the motion will be granted and judgment awarded to the corporate defendant.

Settle order on notice.