## UNITED STATES v. FROST et al.
### No. 487.

District Court, S. D. Texas, Laredo Division.

June 12, 1935.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex.

Neel & King, and Nat B. King, all of Laredo, Tex., for defendants.

KENNERLY, District Judge.

This is a suit by plaintiff, the United States government, against Isaac N. Frost and the American Surety Company of New York on a bond, hereinafter quoted, executed by Frost as principal and the Surety Company as surety, to insure that Frost would properly account, etc., for all alcohol withdrawn by him tax free for certain hospital purposes. The bond is dated *May 31, 1924,* and this suit could have been maintained thereon (if maintainable at all) at any time after *August, 1926,* or after *March 7, 1927.* This suit was filed *May 28, 1934.* There is no explanation of the delay.

A jury has been waived, and the facts have been stipulated as follows:

"It is agreed between the plaintiff, United States of America, and the defendants, Isaac N. Frost and the American Surety Company of New York, through their attorneys, that this cause be submitted on stipulation of facts.

"It is agreed that plaintiff's original petition was filed on May 28, 1934, and it is agreed further as follows:

"That the name of the permittee is the Lincoln Street Hospital, Isaac N. Frost, M. D., owner and operator, address 747 Lincoln street, Casper, Wyoming.

"That the Lincoln Street Hospital, acting by and through Isaac N. Frost, M. D., on or about May 31, 1924, made application to the Commissioner of Internal Revenue at Washington, D. C., for a permit to use alcohol free of tax for the following uses: 'Compounding pharmaceutical preparations to be used exclusively in the treatment of patients in the hospital; bathing patients and sterilizing instruments,' and that on July 9, 1924, the Commissioner of Internal Revenue duly concurred in the approval of said application, and granted a permit 'to use alcohol free of tax for the purposes specified in the within application.'

"It is further agreed that the said Isaac N. Frost, M. D., permittee, and the American Surety Company of New York, executed, as principal and surety respectively, a bond in the sum of One thousand ($1,000) Dollars, and that the attached copy of bond, marked 'Exhibit A,' is a true and correct copy of the bond; and that said bond was given in support of the application for said permit and to secure the faithful performance by the permittee of the terms of the permit issued upon said application.

"That thereafter, on or about January 26, 1925, said Isaac N. Frost, M. D., filed an application for the renewal of said permit for the year 1925, to use alcohol free of tax in the hospital or sanatorium for the purpose of 'compounding drugs and back rub; sterilizing instruments; for surgical dressings and hypodermics.' That on or about February 13, 1925, the Commissioner of Internal Revenue approved the application for renewal and issued the renewal permit to use alcohol free of tax for the purposes specified in the application, and thereafter, on or about December 15, 1925, the permittee again filed an application for the renewal of said permit for the year 1926, and said permit was, on or about February 18, 1926, duly issued.

"It is further agreed that the bond hereto attached and marked 'Exhibit A' remained in full force and effect during the entire time hereinabove mentioned, and supported each of the renewal permits issued, as hereinabove set forth.

"It is further agreed, as set out in the copy of the bond, that the application for a permit to withdraw and use the alcohol tax free for hospital use, was made under the provisions of title 3 of the National Prohibition Act (27 USCA § 71 et seq.) and regulations issued thereunder.

"It is further agreed that on or about May 10, 1926, Isaac N. Frost withdrew from Industrial Alcohol Bonded Warehouse No. 84 of the Tivoli Warehouse Company, in the City of Denver, State of Colorado, under his said permit then in effect, one package of alcohol, Serial Number 5759, containing 50.00 wine gallons, 95.00 proof gallons, free of tax for hospital use. The permittee made a regular return each month as required by the regulations of the Internal Revenue department during the existence of his permit, except as hereinafter stipulated. It is further agreed that the last return filed by the permittee was for the month of July, 1926, showing 30.00 wine gallons, 57.00 proof gallons, of alcohol on hand, and that said alcohol which was shown to be on hand by the said Isaac N. Frost, as permittee, in his monthly report for July, 1926, has at no time been accounted for.

"It is further agreed that the basic tax on distilled spirits and alcohol, as provided by the Internal Revenue Laws of the United States during the year 1926, was $2.20 per proof gallon.

"It is further agreed that on or about March 7, 1927, demand was made upon the said Dr. Isaac N. Frost, at Amarillo, Texas, and upon the American Surety Company at 100 Broadway, New York, New York, for the payment of $250.00 as liability under said bond on the 57 proof gallons of alcohol not accounted for, as hereinabove stated, and that neither the said Dr. Isaac N. Frost nor the American Surety Company has paid the said sum of $250.00 nor any part thereof, but have at all times denied all liability.

"It is further agreed that this cause may be submitted on this stipulation of facts and written briefs be submitted by the parties."

The bond is as follows:

"Bond for the withdrawal of alcohol, free of tax, for use of hospitals, scientific institutions, laboratories and municipal subdivisions of States and Territories.

"Under Title 3 of the National Prohibition Act.

994

"Know all men by these presents, that we Isaac N. Frost, M.D., residing at 244 South Lincoln St., owning and operating The Lincoln Street Hospital of 747 South Lincoln St., Casper, Wyoming, as principal, and American Surety Company of New York, a corporation organized and existing under the laws of the State of New York, of 100 Broadway, New York City, as sureties, are held and firmly bound unto the United States of America in the sum of One Thousand ($1000.00) dollars, lawful money of the United States, for the payment whereof we bind ourselves, our heirs, executors, administrators, successors, or assigns, jointly and severally, firmly by these presents:

"Whereas, the above bounden principal has made application for a permit under Title 3 of the National Prohibition Act and regulations issued thereunder, for the use of alcohol, free of tax, by The Lincoln Street Hospital (Municipality, scientific institution, laboratory, hospital, etc.) located at 747 South Lincoln St. (Street and Number), Casper (City), Wyoming (State).

"Now, Therefore, the condition of this obligation is such that if the above-named ...... Isaac N. Frost, M.D. ...... (Municipality, scientific institution, laboratory, hospital, etc) shall as to all alcohol withdrawn from bonded warehouses, free of tax, safely transport the same to the above-named premises and use it for the sole purposes specified in the aforesaid application and shall pay an amount equal to double the tax on all such alcohol not so transported and used and shall render the required returns and shall comply with all other requirements of law and regulations now or hereafter in force with respect to the withdrawal, transportation and use of such alcohol, then this obligation to be void; otherwise to remain in full force and virtue.

"Witness our hands and seals this *31st* day of *May*, 1924

"Isaac N. Frost, M. D., Principal, owning and operating The Lincoln Street Hospital [Seal]
"American Surety Company of New York, by Louis Papen, Surety, Resident Vice President [Seal]

"Attest: James J. Lucy, Surety, Resident Assistant Secretary
"139336 B.

"Signed, sealed, and delivered in the presence of—Thos. C. Spears. C. W. Wilson. Anthony J. Acate. Harvey A. Montgell.

"2-9561

"The rate of premium on this bond is $5.00 per thousand; the premium on this bond is $5.00."

■ 1. Defendants claim that the Bond was executed under the National Prohibition Act (title 27, USCA § 1 et seq.), and that it was rendered null and void by the adoption of the Twenty-First Amendment and the repeal of the Eighteenth Amendment, and that plaintiff may not here recover thereon.

I do not agree that the bond was executed wholly under the Prohibition Act. Its primary purpose was to insure the payment of revenue owing to the government. But if defendants be correct, such bond was not affected by the repeal of the Eighteenth Amendment and the consequent downfall of the Prohibition Act. See United States v. Mack, 55 S. Ct. 813, 79 L. Ed. —.

■■ 2. Defendants insist that before they may be made liable under the bond, there must be an assessment of the tax covered by the bond under Rev. St. § 3182, section 102, title 26, USCA. The statutes in force (40 Stat. 1105 and 42 Stat. 285) fix the rate of taxation, and the amount of alcohol unaccounted for is undisputed. No assessment is necessary. Dollar Savings Bank v. U. S., 19 Wall. (86 U. S.) 227, 240, 22 L. Ed. 80; U. S. v. U. S. Fidelity & G. Co. (C. C. A.) 221 F. 27, 28. Besides, I think that under the stipulation, showing demand for payment made on defendants March 7, 1927, it will be presumed that an assessment (if necessary to be made) was made prior to such demand.

■ 3. Section 105 of title 26, USCA, is as follows (italics mine):

"Except in the case of income, war-profits, excess-profits, estate, and gift taxes—

"Notwithstanding the provisions of section 102 of this chapter or any other provision of law, all internal-revenue taxes shall (except as provided in section 106 or 107 of this chapter) be assessed within four years after such taxes became due, *and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due.* (June 2,

1924, 4:01 p. m., c. 234, section 1009 (a), 43 Stat. 341; Feb. 26, 1926, c. 27, § 1109 (a) (1), 44 Stat. 114; May 29, 1928, 8:00 a. m., c. 852, § 619 (a), 45 Stat. 878.)"

Defendants insist that under the stipulation, the default of defendant Frost occurred, if at all, in August, 1926, when he first failed to make his return under the Commissioner's regulations and the law, and that the bond became due and payable then, and that this suit having been filed (May 25, 1934) more than five years thereafter, plaintiff is barred under section 105, title 26, USCA, above quoted.

I think the bond became due and payable, under the facts set forth in the stipulation, when demand upon defendants for the payment of the tax was made by plaintiff on March 7, 1927. Up to that time, so far as the stipulation shows, plaintiff did not treat Frost as being in default.

But this suit was instituted more than five years after March 7, 1927, and I think plaintiff is barred by section 105, quoted. This section, and this construction thereof, is reasonable, and is in harmony with similar statutes barring the government from the collection of its revenues, etc., after the lapse of periods of time fixed.

Had there been no bond, plaintiff's claim against Frost would have been barred at the end of five years from date of the demand. The bond was only ancillary to the tax or (if, because it was a double tax, it was a penalty) to the penalty, and was not intended to, and did not, survive it. I have not been able to reconcile U. S. v. Springer (C. C. A.) 69 F.(2d) 819, 821, with the line of cases represented by U. S. v. U. S. Fidelity & G. Co., supra, but follow the Springer Case in the view that under the bond involved here, it is but ancillary and incidental to the tax or penalty secured thereby, and plaintiff having lost the right, under the limitation statute quoted, to recover the tax or penalty from defendant Frost, may not recover under the bond from both defendants.

This case is clearly distinguishable from United States v. John Barth Co., 279 U. S. 370, 49 S. Ct. 366, 73 L. Ed. 743; Gray Motor Co. v. U. S. (C. C. A. 5) 16 F.(2d) 367; Roberts Sash & Door Co. v. U. S. (Ct Cl.) 38 F.(2d) 716; Hughson v. U. S. (C. C. A. 9) 59 F.(2d) 17.

4. Defendants also defend under section 791, title 28, USCA. On the one side, there is U. S. v. U. S. Fidelity & G. Co., supra;

Hughson v. United States, supra. On the other is U. S. v. Springer, supra. Having disposed of the case under section 105, title 26, USCA, I find it unnecessary to decide the questions raised under section 791, title 28, USCA, but incline to the view that plaintiff is also barred thereunder. U. S. v. Springer, supra.

Judgment for defendants.