## UNITED STATES v. FROST et al.
### No. 7904.

Circuit Court of Appeals, Fifth Circuit.

Dec. 13, 1935.

W. A. Tarver, Chief Counsel, Taxes and Penalties Unit, Department of Justice, of Washington, D. C., and Douglas W. McGregor, U. S. Atty., and Brian S.

Odem, Asst. U. S. Atty., both of Houston, Tex., for the United States.

A. D. Dyess, of Houston, Tex., and Nat B. King, of Laredo, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and STRUM, District Judge.

HUTCHESON, Circuit Judge:

This appeal is from a judgment denying recovery on a bond given in connection with a permit for the withdrawal of alcohol, free of tax, for use in a hospital.

It tests whether the suit is in effect either for a tax, and subject to the limitation for such suits provided by old section 105, new section 1432 (a), title 26, U.S.C.A.,[1] or a penalty suit and subject to the limitation for such suits under section 791, title 28 U.S.C.A.[2]

The District Judge thought the action barred by the limitation on suits for taxes. He held that the suit was on the bond, but that the bond was only ancillary to the tax, and that the tax being barred by limitation, the bond could not be recovered on.

Appellant insists that neither of the invoked statutes applies. It argues that the suit is a simple one on a bond, simply obligating the principal and surety to pay "an amount equal to double the tax" on any alcohol not transported and used for tax free uses. Appellees reply that plaintiff's suit as brought is not brought independently on the promise of the bond, but is for the tax and penalty; that it declares on the bond merely as security for the tax. They insist that limitation has run on the tax and has therefore discharged the bond which was only surety for it. They argue in the alternative that if the suit is independently on the promise of the bond to pay, it is a suit for a penalty and barred under section 791.

The District Judge's opinion, reported in 11 F.Supp. 992, sets out in full the stipulation on which the cause was tried. Only the briefest statement of the facts will be necessary here.

The bond required by statute and regulations to be given by a permittee was given May 31, 1924. Isaac N. Frost, as owner and operator of the Lincoln Street Hospital, signed as principal and the American Surety Company as surety. It recited:

"Whereas the above bounden principal has made application for a permit under Title III of the National Prohibition Act and regulations issued thereunder, for the use of alcohol, free of tax, by the Lincoln Street Hospital, (Municipality, scientific institution, laboratory, hospital, etc.) located at 747 South Lincoln Street,
(Street and Number)
Casper, Wyoming,
(City)   (State).

"Now therefore, the condition of this obligation is such that if the above named Isaac N. Frost, M. D. (Municipality, scientific institution, laboratory, hospital, etc.) shall as to all alcohol withdrawn from bonded warehouses, free of tax, safely transport the same to the above named premises and use it for the sole purposes specified in the aforesaid application, and shall pay an amount equal to double the tax on all such alcohol not so transported and used and shall render the required returns and shall comply with all other requirements of law and regulations now or hereafter in force with respect to the withdrawal, transportation and use of such alcohol, then this obligation to be void; otherwise to remain in full force and virtue."

The permittee from time to time withdrew liquors free of tax, for hospital use. He made a regular return and accounting

---

[1] "Except in the case of income, war profits, excess-profits, estate, and gift taxes—

"Notwithstanding the provisions of section 102 of this chapter or any other provision of law, all internal-revenue taxes shall (except as provided in section 106 or 107 of this chapter) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due." Section 105, title 26, U.S.C.A.

[2] Penalties and Forfeitures under laws of United States. No suit or prosecution for any penalty or forfeiture, pecuniary or otherwise, accruing under the laws of the United States, shall be maintained, except in cases where it is otherwise specially provided, unless the same is commenced within five years from the time when the penalty or forfeiture accrued. Section 791, title 28, U.S.C.A.

each month for all the alcohol he took out under the permit as required by the regulations of the Department, except as to 30 wine gallons, 57 proof gallons of alcohol on hand in July, 1926. This has not been accounted for as used for tax free uses as required by the regulations and the bond. The basic tax on distilled spirits during that year was $2.20 per proof gallon making a total basic tax on 57 proof gallons of $125.40 and a liability under the bond, if it is to be recovered on as it reads, of double that amount.

In United States v. United States F. & G. Co. (C.C.A.) 221 F. 27, 28, a suit on a distiller's bond, the action was held to be not a suit or prosecution for a penalty or forfeiture, but a suit on the bond, and that the statutory limitation on suits for penalties did not apply. United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 73 L.Ed. 743; Hughson v. United States (C.C.A.) 59 F.(2d) 17; Gulf States Steel Co. v. United States (C.C.A.) 56 F.(2d) 43; Gulf States Steel Co. v. United States, 287 U.S. 32, 53 S.Ct. 69, 77 L.Ed. 150, hold that a bond given in connection with income tax proceedings is not collateral and ancillary to nor dependent on the tax so as to fall with it if limitation barred it. They hold that the obligation is distinct from and independent of the tax, so that suit could be maintained on the bond, though because of limitation it could not be for the tax.

Appellant relies strongly on these cases. It cites and relies, too, on United States v. Sendrow (D.C.) 11 F.Supp. 454, a permittee case. Appellee and the District Judge did not think these cases controlling. They thought United States v. Springer & Lotz (C.C.A.) 69 F.(2d) 819, had adequately distinguished them. That case was a suit on a bond retail druggists had given, conditioned to pay all taxes, assessments, and penalties payable by the principals under the National Prohibition Act, and the Internal Revenue Act. They unlawfully sold 70 gallons of whisky, and became liable to certain penalties. To the action on the bond the surety pleaded section 791, the penalty limitation statute. The Court of Appeals agreed with the holding in United States v. United States F. & G. Co., supra, that the limitation statute invoked did not apply to the suit on the bond, but held that there could be no recovery on the bond for another reason. That reason was that the bond was not, as was the bond in the John Barth Co. Case, a new promise. It was given merely as "ancillary to the debt, and could not have been intended to survive it."

Without undertaking to determine whether the Springer & Lotz Case was correctly decided on its facts, we think it plain that it is without application here, for the bond there was conditioned that it should be void if the principal should pay the taxes, assessments, and penalties payable. The bond sued on here is not so conditioned. It is not such a bond. It was given not as ancillary to and as security for the payment of taxes and penalties; it was to stand in lieu of the taxes. The parties were careful to say so in terms. It contained a definite obligation that the principal would safely transport all alcohol withdrawn from bonded warehouses, free of tax, to the premises described, and "use it for the sole purpose specified in the aforesaid application." It further provided that the obligors "shall pay an amount equal to double the tax on all such alcohol not so transported and used." This bond is not ancillary; it is primary. What the obligors agreed to do is meticulously stated. It is no niggling construction, but one which gives effect precisely as they have used them, to the words the parties used, which holds appellees to their contract. They agreed in the bond that the permittee would account for all alcohol withdrawn and that they would pay "an amount equal to double the tax on all such alcohol not so transported and used" as the permit required. It was stipulated that all of the alcohol taken had been accounted for as properly used, except the amount which forms the basis of this claim. It is no hardship upon defendants to require them to pay as they have agreed to do, "an amount equal to double the tax" on that alcohol.

The agreement was made at permittee's instance, and for his benefit, to enable him to obtain and use the alcohol for the permitted purpose, free of tax. The surety signed the bond to enable the permittee to get it. It and he should abide their agreement.

In the Gulf States Steel Co. Case the bond was given in order to free the taxpayer's property from levy, and to give

him time to show before the Board of Tax Appeals that the tax was not due. He agreed to pay such part of the tax as was not abated. The Board held as to tax liability that limitation had discharged it; nevertheless he had to pay the bond.

We think there is no basis for the distinction the appellees and the District Judge drew between the bond given there after, and the one given here before the tax accrued.

The judgment is reversed, and, the cause having been tried to a court without a jury on a stipulation, is here rendered for appellant.

Reversed and rendered.