## UNITED STATES v. COAST WINERIES, Inc., et al.
### No. 136.

District Court, W. D. Washington, N. D.
June 14, 1941.

J. Chas. Dennis, U. S. Atty., and Gerald Shucklin, Asst. U. S. Atty., both of Seattle, Wash., for plaintiff.

Thomas R. Winter, of Seattle, Wash., Sp. Atty., for Bureau of Internal Revenue.

Allen, Froude & Hilen, of Seattle, Wash., and Hubbert & Mullins, of Yakima, Wash., for defendant.

NETERER, District Judge.

The corporate sovereignty of the plaintiff, and the corporate entity of the United States Fidelity & Guaranty Company, under the laws of the State of Maryland, and of the Coast Wineries, Inc., under the laws of the State of Washington, are admitted. It is also admitted that the Coast Wineries, Inc., has engaged in the business of making and selling wines; that the United States Fidelity & Guaranty Company executed a bond to assure the faithful compliance with the laws of the United States by the Coast Wineries, Inc.; that the Coast Wineries, Inc., was adjudicated bankrupt June 16, 1935; that the Yakima Valley Bank and Trust Company was appointed trustee, and was authorized to, and did employ, W. B. Clark and T. E. Grady its attorneys; that the substantial asset at the time of adjudication was a quantity of wine, the production and rectification of which is the basis of the Government's claim for which claim for tax on distilled spirits, assessed under Secs. 3244 and 3176, R.S., 26 U.S.C.A. Int.Rev. Code, §§ 3250, 3251, 3254, 3255, 3612; and under Liquor Taxing Act of 1934, 48 Stat. 313, was filed. This wine was by the court

ordered sold by the trustee for which $12,-500 was received. After sale the District Judge concluded that the wine should be delivered to the purchaser free and clear of tax, and directed the trustee to purchase, and affix to the containers, the necessary revenue stamps.

In addition to the claim in suit there were two other claims filed; one for $76.20 assessed for documentary stamp tax under Tit. 5 part 3 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 629 et seq., and one claim for $501.67 as a capital stock assessment under Sec. 215 of the National Industrial Recovery Act, 48 Stat. 207. Objection was made to evidence of these claims at trial, and the ruling was reversed. The objection is overruled.

The plaintiff contends that testimony on these items is immaterial; the defendant contends that these items form the basis of a settlement and compromise of the issue before the court. That the trustee had objected to these two items and upon the statement of the attorney for plaintiff that on allowance of these claims, the claim in issue would be abated. I am convinced there was conversation, and agreement between the attorney for the plaintiff and the attorney for the defendant which resulted in the withdrawal of the claim in suit, the withdrawal reads "reference is made to our claim No. 2 filed under date of June 7, 1935, covering tax on distilled spirits due from above named corporation in the amount of $9,387.21.

"You are advised that upon the recommendation of the District Supervisor of the alcoholic unit, we have abated the above tax and are withdrawing our proof of claim covering the same. Our claims No. 1 and No. 3 covering capital stock tax are still in affect."

The withdrawn claim No. 2 includes the claim in suit $3,162.56; claims "No. 1 and No. 3" cover the items for capital stock tax. The defendant contends that it was agreed by the plaintiff's representatives that the claim in suit would be abated if the other two claims were paid, thereupon Judge Grady, attorney for the trustee, recommended to the Special Master that these two claims be paid. The claims were thereupon allowed by the Special Master. Upon report to the United States District Judge and after formal hearing, these two claims were allowed and the $3,162.56 was denied by Judge Webster. The order entered by Judge Webster on the 12th day of November, 1937, reads as follows:

"The above matter coming on regularly for hearing on the 5th day of October, 1937, on the claim of the United States of America covering taxes assessed under Sections 3244 and 3176 of Revised Statutes and the Liquor Taxing Act of 1934 in the sum of $3,162.56 plus interests; said claim having been filed by the Acting Collector of Internal Revenue for the District of Washington as agent for the United States of America on or about April 13, 1937, and it appearing to the court that the said claim of the United States was and is a part of the original claim of $9,387.21 which was filed by the Collector of Internal Revenue for the District of Washington on or about February 28, 1935, and which claim the said Collector of Internal Revenue advised the Special Master in Chancery by letter of October 15, 1935, was abated on his records and thereby withdrawn, and it appearing that the said Special Master has disallowed and expunged said claim in his report, to which the exceptions were taken by the claimant, and which report to that extent has been approved by this court in its memorandum decision on file herein.

"Now Therefore, on oral motion of the Trustee in bankruptcy, it is

"Ordered, Adjudged and Decreed that the said claim of the United States in the sum of $3,162.56 filed on April 13, 1937, be, and the same is hereby expunged and disallowed.

"Dated this 12th day of November, 1937.
"J. Stanley Webster,
"United States Judge for the Eastern District of Washington

"To all of which order the United States of America, claimant except, and said exception is hereby allowed.
"J. Stanley Webster,
"United States Judge for the Eastern District of Washington.
"Approved as to form:
"S. R. Clegg
"Asst. U. S. Attorney
"Approved as to form:
"Clark & Grady
"Attorneys for Trustee."

"The order * * * was a final order binding as between the parties. There can be no question but that the jurisdiction of the bankruptcy court was properly exercised * * *," So said the Supreme Court

in Sampsell v. Imperial Paper & Color Corporation, 61 S.Ct. 904, 906, 85 L.Ed. ——, in opinion filed April 28, 1941. Commenting on a like order the court further said: "There was no appeal from the order entered * * *. It therefore could not be collaterally attacked * * *," a like status as here, the Supreme Court added "The power of the bankruptcy court * * * is complete."

This expression from the Supreme Court fixed the status of Judge Webster's order.

The conclusion is inevitable that the issue is res adjudicata. The fact and right was directly in issue, and specifically determined by Judge Webster, who had jurisdiction of the subject matter, and of the parties, and the issue may not again be disputed in this case by the parties, or their privies. The question of res adjudicata was exhaustively discussed by the writer sitting in the Circuit Court of Appeals with Judge Gilbert and Judge Rudkin in United States v. Sakharam Ganesh Pandit, 9 Cir., 15 F.2d 285. The opinion was unanimous. Certiorari was denied by the Supreme Court, 273 U.S. 759, 47 S.Ct. 473, 71 L.Ed. 878. What is said in the Pandit case is applicable and decisive here.

The instant issue is distinguished from the Royal Indemnity Co. v. United States, 61 S.Ct. 995, 996, 85 L.Ed. ——, decided by the Supreme Court May 26, 1941, in that the issue was the effect of a *"full payment of the tax and of all liability on the bond."* (Italics supplied) and surrendered the bond, before its "obligation was fully satisfied." In this case the Indemnity Company was bound to know the power of the agent (the Collector) and with this knowledge could not assert estoppel. In the instant case we have an adjudication of the claim by a court of competent jurisdiction, all parties being before the court on formal hearing, exception to the judgment was noted, but no appeal was prosecuted. The same question was discussed in the Pandit case, supra (15 F.2d 285) and upon that case and authorities there cited the plaintiff, here, must fail. The judgment of Judge Webster is final, even if erroneous, not having been appealed from, is res adjudicata.

■ The claim against the Wineries Company, Inc., being disposed of the surety is released. The bond is ancillary to the tax debt, and does not survive it.

The condition of the bond follows:

"Whereas the above—bounded principal is engaged * * * in business of making and selling domestic wines * * * in the Collection District of Washington.

"Now Therefore, the condition of this obligation is such that if the said principal shall fully and faithfully comply with all requirements of the laws of the U. S. and regulations issued in pursuance thereof respecting the *production,* storage, sale, or removal, and accounting of all wines produced, or received by him, and if the said principal shall well and truly pay all taxes due on said wines at the time and in the manner required by said laws and regulations, then this obligation to be void; * * *".

The bond was executed August 9th, 1934, prior to the tax assessment.

This is not a bond to stay execution as in United States v. John Barth Co., 279 U.S. 370, 49 S.Ct. 366, 73 L.Ed. 743, or to postpone payment of the tax as in Gray Motor Co. v. United States, 5 Cir., 16 F.2d 367, or to refrain from collection at the time Hughson v. United States, 9 Cir., 59 F.2d 17.

■ Without discussing the question of estoppel, I will say that I think upon the record the plaintiff likewise is estopped from asserting its claim in suit.

Judgment for the defendant.