## UNITED STATES v. SENDROW et al.

### No. 4725.

### District Court, D. New Jersey.

### June 19, 1935.

Patrick J. Friel, of Philadelphia, Pa., for the motion.

Harlan Besson, U. S. Atty., of Trenton, N. J., and Isador S. Worth, Asst. U. S. Atty., of Riverside, N. J.

AVIS, District Judge.

Defendant National Union Indemnity Company (hereinafter called company) moves to dismiss the complaint filed in this cause for the following reasons argued in brief of counsel:

(1) That the complaint is defective because it does not set forth a cause of action. The challenge on this ground is technical, and the reasons assigned are not sufficient to entitle the company to a dismissal.

(2) That the bond upon which suit is brought is not set out in full in the body of the complaint or a copy annexed thereto and referred to as an exhibit.

This does not appear to be a fatal defect. The complete copy may be produced on proper application therefor, and the company is in no way prejudiced by failure to set out a complete copy in the complaint. Sufficient reference is made therein to identify the bond to which reference is made.

(3) That the plaintiff is barred from proceeding because the bond was given under the provisions of the National Prohibition Act (27 USCA), claimed to be inoperative by reason of the repeal of the Eighteenth Amendment to the Constitution.

This objection is removed by the decision in the Circuit Court of Appeals for the Third Circuit in the case of Helvering v. Druggists' Specialties Co., 76 F.(2d) 743, page 745 (decided March 25, 1935), in which it was held that: "Title 3 of the National Prohibition Act is still in force and that sections 4 and 9 of title 2, not resting on constitutional authority for their enactment, are likewise in force if they relate to the regulation and collection of the government's revenue as well as, at one time, to the inhibitions of the Eighteenth Amendment."

This decision, as I view it, makes the objection without force, and the complaint will not be dismissed on the ground that the repeal of the Eighteenth Amendment prevents the government from proceeding on a bond given by a permittee to secure the payment of taxes on ordinarily tax-free alcohol, diverted in violation of the statute.

(4) That the complaint is not sufficiently specific in its allegations of diversion of alcohol.

I am convinced that the statement in the complaint is sufficient to apprise company of the charge, and, if further and specific dates and amounts of diversion are desired, they may be obtained upon application for bill of particulars.

Finally, counsel for company invokes the doctrine of laches and also the statute of limitations.

It appears quite conclusively that laches in the commencement of an action cannot be invoked against the United States. See Chesapeake & Delaware Canal Co. v. United States, 250 U. S. 123, 39 S. Ct. 407, 63 L. Ed. 889; United States v. Winona & St. P. R. Co. (C. C. A. 8) 67 F. 948, 965.

The limitation statute invoked is found in 26 USCA § 105, and reads as follows:

"Except in the case of income, war-profits, excess-profits, estate, and gift taxes—

"Notwithstanding the provisions of section 102 of this chapter or any other provision of law, all internal-revenue taxes shall (except as provided in section 106 or 107 of this chapter) be assessed within four years after such taxes became due, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of five years after such taxes became due."

In the instant case somewhat peculiar circumstances are involved. The defendant Sendrow was permitted under the statute and regulations to withdraw denatured alcohol tax free for commercial purposes, upon the provision that a bond should be given by the permittee to guarantee that permittee would not divert any alcohol so withdrawn, and would account for its use in the manufacture of commercial products allowed by the statute.

The issuance of the permit in the instant case was conditioned upon the giving of a bond, in the penal sum of $4,000, to insure that the defendant Sendrow would in all things comply with the provisions of the statute and regulations. Sendrow was allowed to withdraw certain quantities of alcohol, tax free, and the only check as to its use was contained in the reports of the permittee or the investigation of government agents. The effect of giving the bond was to waive the statute of limitations herein referred to, and action on the bond is not controlled by the provisions of the statute.

No case has been cited directly in point, sustaining this theory, as applied to intoxicating liquor, but the courts have in income tax and other cases frequently held that a bond of this general character creates a contractual relation waiving the strict provisions of the law.

In the case of United States v. John Barth Co., 279 U. S. 370, on page 375, 49 S. Ct. 366, 367, 73 L. Ed. 743, the court said: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract. The postponement of the collection of the taxes returned was a waiver of the statutory limitation of five years that would have applied had the voluntary return of the taxpayer stood and no bond been given. If there is any limitation applicable to a suit on the

456

bond, it is conceded that it has not yet become effective."

See, also, Hughson v. United States (C. C. A. 9) 59 F.(2d) 17.

In the case of United States of America v. James A. Mack et al., 55 S. Ct. 813, 815, 79 L. Ed. 1559 (decided May 20, 1935), the Supreme Court, in considering the effect and operation of a bond given to release a vessel arrested for forfeiture under the provisions of the National Prohibition Act, among other things, said: "Penalties and forfeitures imposed by the National Prohibition Act for offenses committed within the territorial limits of a state fell with the adoption of the Twenty-First Amendment. United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510. Our holding to that effect was confined to criminal liabilities, and had its genesis in an ancient rule. On the other hand, contractual liabilities connected with the act continued to be enforceable with undiminished obligation, unless conditioned by their tenor, either expressly or otherwise, upon forfeitures or penalties frustrated by the amendment. The courts below have held that liability upon the bond in suit was conditioned by implication upon the possibility in law of subjecting the delinquent vessel to forfeiture and sale, and that the possibility must be unbroken down to the recovery of judgment against the delinquent obligors. In opposition to that holding the government contends that the bond is a contract to be enforced according to its terms; *that liability became complete upon the breach of the express condition for the return of the delinquent vessel; and that the liability thus perfected was not extinguished or diminished by the loss of penal sanctions. We think the government is right.*" (Italics mine.)

The instant case involves the same principles, except it is based upon the right to recover a tax, imposed upon liquors which are in the control of the permittee, and upon which no tax will be levied if lawfully used. The unlawful use creates the liability, and I am convinced that there are more cogent reasons why the contractual liability should be strictly enforced here than in a case involving income taxes.

The motion to dismiss will be denied.