Judge Birch
delivered the opinion of the court.
This was an agreed case,—the facts having been set down in writing, for the judgment of the court of Common Pleas, in these words;
“It is agreed by and between the parties to this suit, as follows, to wit, that Scoville and Johnson were keepers of a dram shop or coffee house in the city of St. Louis, contracted a debt with the plaintiffs for liquors sold to them amounting to the sum of seventy dollars, that after said debt was contracted the defendant purchased out the interest of said Scoville & Johnson in said coffee house, and agreed with them to pay certain debts, owing by them, to sundry persons, whose names were set down on the back, or attached to the bill of sale so made by the said *432 Scoville & Johnson to the defendant, and that the debt due to the plaintiffs, was of this number so set down. That heretofore a suit waS brought by Jiú'nes W. Doughty, one of the plaintiffs in bis own nam'ej ■against Corl the above defendant for the same identical demand or goods sold, that this suit is brought to recover. That a trial in such case s'O commenced by Doughty vs. Coi'l was had in this court at the last term thereof, which resulted upon the case being submitted to the jury, in a verdict for the áefen'dant, Córl. After the verdict and judgment in the 'said case between Doughty & Corl, the plaintiffs commenced this suit, ■and the question to be submitted to this court upon the foregoing statement of facts, is-, whether the verdict and judgment in the Case of ’Doughty vs. Cotí is a bar to the present action.”
Judgment having been rendered for the plaintiff’s belowj the cause is brought hére by appeal, and presents for our consideration, two questions,—one raised by the agreement, and the other presented in the motion for a new trial. The latter is, that as the promise Was not made ‘directly to the plaintiffs, upon a consideration moving from them*' they bad no cause of action. In reference to this-, it is but nee'essary to re*apply the principle Which was recognized by this court in the case of ■Robbins vs. Ayres, to which we have referred in previous decisions rendered at the present term. It will scarce be pretended that tlie purchase of interest in a coffee house did not constitute “ a valuable Consideration”—and, in such a case, there was no necessity that it should be “ moving” from a creditor of a vendor, who was thereby to be paid.
As to the other point, whilst admitting the general force of the reasoning employed by thé ‘counsel for the defendant, in suppbrt of the maxim that “a man shall not be íwicé vexed for one and the saihe cause,” we think it inapplicable in a case like the present. Doughty had no '“cause** or right of action-, in his own name, againát the defendant it was, in fact, becaüse the same parties werenot plaintiffs in the first suit, that one of them had to pay the costs of it, and join in the present one. In the legal conclusion, therefore, that the present plaintiffs ought not to be barred in this suit, by reason of the miscarriage of the other, we are not unsupported by authority,—the case of Chapman vs. Chapman, 1 Mum. 398, referred to, and reiterated in Barring vs. Fanning, 1 Paine 656, being so nearly analogous to the present one, that We need but copy and adopt the language of the judge who delivered the latter opinion : “It was there laid down that a record ill one suit cannot be read as evidence in another, on the ground that the defendant and one of the plaintiffs in the latter suit, were parties to the former, and that the same *433 point was in controversy in both 5 anothér plaintiff, and thfe person under whom, both the said plaintiffs jointly claimed, not having been parties to such former suit.”
The record in this case denoting no other ground or presumption of privity, we concur in the opinions of the court of common pleas, and its judgment is accordingly affirmed.