## McCAUGHN, Collector of Internal Revenue, v. PHILADELPHIA BARGE CO. et al.

District Court, E. D. Pennsylvania. April 23, 1928.

No. 12356.

Internal revenue ⬅➡23—Action on bond given by taxpayer on filing claim for abatement held maintainable after expiration of limitations against collection of tax; "liability" (Revenue Act 1918, 40 Stat. 1057; Revenue Act 1926, § 1106(a), 26 USCA § 1249(a).

Action on bond given by taxpayer and surety in connection with filing of a claim for abatement before limitation of Revenue Act 1918 (40 Stat. 1057) against collection of income tax had run *held* maintainable by government after expiration of statutory period allowed for proceedings to collect the tax, notwithstanding Revenue Act 1926, § 1106 (a), 26 USCA § 1249 (a), providing that limitations shall not only operate to bar the remedy, but shall extinguish the liability; "liability," as used in statute, meaning liability for taxes imposed by revenue law, and not contractual liability created by bond.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liability.]

At Law. Action by Blakely D. McCaughn, as Collector of Internal Revenue of the United States for the First Collection District of Pennsylvania, against the Philadelphia Barge Company and another. On statutory demurrer to plaintiff's statement of claim. Demurrer overruled, with direction.

George W. Coles, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Saul, Ewing, Remick & Saul, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge. This is a suit by the United States upon a bond executed by the defendants, Philadelphia Barge Company and National Surety Company, as principal and surety, respectively. It now comes before the court upon a statutory demurrer to the statement of claim, in uniformity with the Pennsylvania Practice Act (Pa. St. 1920, §§ 17181–17204). The following facts are admitted:

In October, 1920, the Commissioner of Internal Revenue assessed against the Philadelphia Barge Company an additional tax

of $12,635 on account of its income for the year 1918. On February 15, 1921, the taxpayer presented a claim for abatement, and two days later the bond in suit was filed. On May 14, 1923, the Commissioner of Internal Revenue rejected the barge company's claim for abatement, and found the additional tax of $12,635 as assessed to be correct. Demand was duly made, and this suit was begun in August, 1926.

It is agreed that the taxpayer's return for the year 1918 (upon which the additional assessment was made) was filed April 29, 1919. It is also conceded by the government that if no bond had been given no proceeding for the collection of the additional tax could have been brought after April 29, 1924, by reason of the limitation contained in the Revenue Act of 1918 (40 Stat. 1057). The question here for decision, therefore, is whether, after the expiration of the statutory period allowed for proceedings to collect a tax, a suit can be maintained upon a bond given before the statute had run by the taxpayer and a surety in connection with the filing of a claim for abatement.

The defendant's principal contention is based upon section 1106(a) of the Revenue Act of 1926, which reads in part as follows: "The bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy but shall extinguish the liability. * * *" (26 USCA § 1249[a]). He says that, since this section of the Revenue Act operates wholly to extinguish the liability of the principal debtor, therefore no cause of action can exist against the surety.

It must be admitted that his argument appears at first to have considerable force. But, on further consideration, it becomes apparent that the liability referred to in this section must mean the liability for taxes imposed by the revenue law. This liability is the subject-matter of the statute. It does not arise from any voluntary act of the taxpayer but is created by the mere will of the sovereign expressed in legislation. Before the bond was executed it was the only obligation upon the taxpayer and if the taxpayer were not a party to the bond I would agree with the contention of the defendant.

However, as soon as the bond was executed, the taxpayer assumed a second and entirely distinct obligation, and became subject to a new and entirely different kind of liability. There was a surety, but the taxpayer was the party primarily bound. The new liability was voluntary and contractual. It was in form a direct and primary obligation, not to pay a tax, but to pay the sum of $12,635, defeasible only upon payment by the taxpayer of a certain amount, to be fixed by subsequent action of the Commissioner. No limitation was put upon the time within which the Commissioner was required to act in fixing such sum. Inasmuch as the collector had the right to proceed immediately for the collection of the tax, it follows that he also had the right to require, as the price of forbearance from such action, a general promise to pay such amount as might be found due at any time, either before or after the expiration of the statutory period. This was unquestionably the intent and understanding of the parties. The taxpayer's promise is under seal, and in addition is based upon ample consideration. If the collector had proceeded by distraint, as he had the right to do, the taxpayer's only course would have been to pay the tax and then to have sued for a recovery of the money. The giving of the bond and the withholding of proceedings relieved him of that necessity.

This view of the case makes it unnecessary to determine whether the giving of the bond, wholly relieving the taxpayer from his original tax liability, was in substitution for it, or whether two liabilities continued to subsist together, and, if so, whether the giving of the bond was a waiver of the limitation as to the original liability. These questions would arise if the collector were proceeding by distraint, or were otherwise pursuing a remedy given by the statute for the collection of taxes. So far as this suit is concerned, the expiration of the statutory period allowed for proceedings to collect tax does not constitute a defense.

Demurrer is overruled, and defendants are directed to answer within 15 days.