## UNITED STATES v. RENNOLDS et al.

District Court, S. D. New York. August 13, 1928.

Limitation of actions ⟨⟩22(7)—Government's recovery on bond given for payment of income tax held not barred by lapse of limitation period as to tax liability (Revenue Act 1926, § 1106(a); 26 USCA § 1249(a).

Where government suspended action against taxpayer for income taxes in return for bond indemnifying government in case claim for abatement should be denied, government's recovery against principal and surety on the bond was not barred by limitation extinguishing liability for the tax under Revenue Act 1926, § 1106(a), 26 USCA § 1249(a), since undertaking created new liability constituting alternative remedy governed by different statute of limitations; effect of Revenue Act 1928, § 612 (45 Stat. c. 852), repealing Revenue Act 1926, § 1106(a), being immaterial.

At Law. Suit by the United States against Rennolds and another. On motions of the United States and of defendant for directed verdict. Motion of United States granted, and that of defendants denied.

Charles H. Tuttle, U. S. Atty., and Ernest Lappano, Asst. U. S. Atty., both of New York City.

Stephen A. McIntire, of New York City, for defendant Rennolds.

Frederick W. Hamberg, of New York City, for defendant Nat. Surety Co.

LINDLEY, District Judge. This is a suit upon a bond given April 14, 1922, by defendant Rennolds, as taxpayer and principal, and National Surety Company, as surety, in the sum of $1,800, reciting that principal "has been assessed a tax by the Commissioner in the principal sum of $1,-500," and "has filed his claim for abatement" thereof, and conditioned as follows: "If the said claim in abatement shall be denied in whole or in part by the Bureau of Internal Revenue, and, upon notice and demand of said collector, the said [principal] pays to said collector the said tax, or such amount thereof as may be found due, then this obligation to be null and void; otherwise, to be and remain in full force." The tax assessed was $2,162.20 for income, and was shown and reported in the return of principal filed March 31, 1918, and assessed thereon. The taxpayer on August 15, 1919, paid $646.20, and filed claim for abatement of the remainder. In April, 1922, before said claim for abatement had been determined, while the collector was proceeding to collect the tax with interest and penalties, the bond was given in order to suspend the collection proceedings. November 8, 1923, the Commis-

sioner rejected the claim for abatement, and the collector again demanded of the taxpayer the tax, interest, and penalties. The latter having failed to pay on October 18, 1926, demand was made upon the surety upon the bond, and, no payment being made, this suit was begun March 10, 1927, to collect the amount of the penalty.

Subsequent to the suspension of collection proceedings by the collector and the giving of the bond, the statute of limitations of five years ran against the tax, and in 1926 Congress provided that "the bar of the statute of limitations against the United States in respect of any internal revenue tax shall not only operate to bar the remedy, but shall extinguish the liability. * * *" Revenue Act 1926, § 1106 (a), 26 USCA § 1249 (a). Defendant insists that this legislation creates a bar to the action, in that it nullifies the tax and the bond.

The liability of the surety must be construed upon the instrument executed by it. The tax was found due, the claim for abatement was denied, and the taxpayer failed to pay what he owed the government. These facts show breach of the condition of the bond. There is no part of such condition necessary to attachment of liability nonexistent. True it is that the statute has since by limitation extinguished the tax, but it is not apparent that this fact should also extinguish the liability upon the bond.

The government was in the act of collecting from its debtor by due process of law a debt legally due and owing. At the request of the debtor it suspended its legal action in consideration of the surety's undertaking to indemnify it. That undertaking created a new liability, governed by a different statute of limitations. The government had thereafter two remedies—one against the taxpayer, to collect the tax by legal procedure; the other against the taxpayer and the surety upon the bond, given to cause the government to desist action to recover the tax, to collect the penalty provided therein, if the condition should be broken. It saw fit not to pursue the first, relying solely upon the second. The condition having been broken, the surety's liability attaches, irrespective of any effect of the statute of limitations upon the coexistent other right of action.

Had the condition of the bond contained the express provision that failure of the government to collect from the taxpayer within the statutory period would relieve the surety, a different situation would exist. But to read into the bond such provision would be to alter the express covenants of a sealed in-

strument. Could it be contended that, if C should undertake in writing to A that he (C) would pay A for all merchandise sold on open account to B, and A thereafter should sell B such merchandise, but fail to collect from B within a five-year statutory limitation upon open accounts, he could not recover from C upon the latter's written contract within a ten-year statutory limitation period? The negative answer is obvious. The government here had the right to collect the tax by distraint, and for the surrender of that right it properly insisted, as a price therefor, upon a general promise to pay such amount as might be found due, either before or after the statutory limitation period had expired.

The court finds itself in accord with the conclusions of other courts in the cases of McCaughn v. Phila. Barge Co. et al., 27 F. (2d) 628 (April 25, 1928), and U. S. v. Ouken Bros. Co. (D. C.) 23 F.(2d) 369, rather than with those in other cases cited by defendants. In this situation it is not necessary to determine the effect of section 612 of the Revenue Act of 1928 (45 Stat. c. 852), repealing section 1106 (a) of the Act of 1926.

The motion of plaintiff to direct a verdict in its favor is allowed, and defendants' motion is denied. The jury is hereby directed to return a verdict in favor of plaintiff and against defendants in the sum of $1,800 and interest thereon at 6 per cent. per annum from October 1, 1926, a total of $2,-001.60.