**UNITED STATES v. SCOTT.**

No. 13589.

Circuit Court of Appeals, Eighth Circuit.

Feb. 27, 1948.

Rehearing Denied March 30, 1948.

302

Harry Marselli, Sp. Asst. to the Atty. Gen. (Theron L. Caudle, Asst. Atty. Gen., Sewall Key, Lee A. Jackson, and C. Moxley Featherston, Sp. Assts. to the Atty. Gen., and Drake Watson, U. S. Atty., of St. Louis, Mo., on the brief), for appellant.

Chase Morsey, of St. Louis, Mo., for appellee.

Before GARDNER, THOMAS and JOHNSEN, Circuit Judges.

JOHNSEN, Circuit Judge.

The question is whether the six-year limitation fixed by 26 U.S.C.A. Int.Rev. Code, § 276(c), 53 Stat. 87, for bringing suits to collect income taxes after their assessment,[1] is controlling of an action by the United States to recover on a contract between a third party and a taxpayer in which the third party, subsequent to a determination by the Commissioner of income tax deficiencies against the taxpayer and a redetermination by the Board of Tax Appeals (now the Tax Court), "assumes and agrees also to pay all of the personal and individual debts and liabilities of [the taxpayer] now existing".

The redetermination of the taxpayer's income tax deficiencies was entered by the Board on May 26, 1936. The taxpayer died on June 15, 1936.[2] The contract between the third party and the taxpayer, which was in writing, was executed on June 8, 1936. It was made in Missouri, where both of them resided. This action by the United States against the third party, for the amount of the taxpayer's deficiencies, was instituted on December 26, 1945, in Missouri.[3] The statute of limitations in Missouri on "any writing * * * for the payment of money" is 10 years. Mo.R.S.A. § 1013.

The trial court sustained a motion by the defendant to dismiss the complaint, on the ground that the limitation in 26 U.S.C.A. Int.Rev.Code, § 276(c), was controlling of the Government's right to sue the third party on the contract, and that the action therefore was barred as not having been commenced within 6 years after the rede-

---

[1] 26 U.S.C.A. Int.Rev.Code, § 276(c) provides: "Where the assessment of any income tax imposed by this chapter has been made within the period of limitation properly applicable thereto, such tax may be collected by distraint or by a proceeding in court, but only if begun (1) within six years after the assessment of the tax, or (2) prior to the expiration of any period for collection agreed upon in writing by the Commissioner and the taxpayer before the expiration of such six-year period. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon."

While we have for convenience referred to 26 U.S.C.A. Int.Rev.Code, § 276(c), as the applicable statute, technically the one involved in the present situation is § 276(c) of the Revenue Act of 1928, 26 U.S.C.A. Int.Rev.Acts, pp. 430, 431, but the language of the two is identical except for the use of the word "title" in the section of the Revenue Act of 1928, instead of the word "chapter" as appearing in the section of the Internal Revenue Code.

[2] The unpaid tax deficiencies had been filed as a claim against the taxpayer's estate and had been duly allowed as a preferred claim by the probate court on April 7, 1938, but the claim was unsatisfied because of the insolvency of the estate.

[3] Under Missouri law, a creditor has the right to sue upon the contract of a third party with a debtor to pay the latter's debts. Corl v. Riggs, 12 Mo. 430; Belt v. McLaughlin, 12 Mo. 433; State v. St. Louis & S. F. Ry. Co., 125 Mo. 596, 28 S.W. 1074; Crone v. Stinde, 156 Mo. 262, 55 S.W. 863.

termination of the taxpayer's deficiencies became final. The case is here on the Government's appeal.

We think the six-year limitation in 26 U.S.C.A. Int.Rev.Code, § 276(c), on collecting income taxes after assessment, has reference only to such liabilities for payment as are imposed upon a party by law and not to any liability which a party may voluntarily impose upon himself by contract so as to give the United States an additional and special right of action. Thus, indicatively, in United States v. John Barth Co., 279 U.S. 370, 375, 49 S.Ct. 366, 367, 73 L.Ed. 743, a five-year limitation for bringing a "suit or proceeding" to collect income taxes, contained in the Revenue Acts of 1918, 1921 and 1924, respectively, was held not to have application to an action on a bond which had been executed by the taxpayer and a surety to obtain a temporary stay against the immediate collection of some taxes. The court said: "The making of the bond gives the United States a cause of action separate and distinct from an action to collect taxes which it already had. The statutes now pleaded to bar the suit cannot be extended by implication to a suit upon a subsequent and substituted contract." See also United States v. Rennolds, D.C.S.D.N.Y., 27 F.2d 902; McCaughn v. Philadelphia Barge Co., D. C.E.D.Pa., 27 F.2d 628; United States v. Onken Bros. Co., D.C.Wyo., 23 F.2d 367.

In technical concept, appellee's liability here was not for taxes as such but for damages from breaching his obligation to satisfy a debt of the taxpayer. The provisions of the Internal Revenue Code do not make such an obligor a "taxpayer".[4] Indeed, the Revenue Code does not even make mention of such a contractual liability, and we can find nothing in its language or purpose to impliedly suggest that Con-

gress intended such independent and voluntary undertakings, which might operate in favor of the Government, to be in any way subject to the prescriptions and limitations of the revenue statutes. Cf. United States v. Bessen, D.C.S.D.N.Y., 8 F.R.D. 75. The contract to pay the taxpayer's debts and liabilities, having been both made and intended to be performed in Missouri, was subject generally to the ten-year limitation of Mo.R.S.A. § 1013. This is true as to the Government's debt the same as to the debts of other creditors.[5]

The cases upon which appellee relies, such as United States v. Updike, 281 U.S. 489, 50 S.Ct. 367, 74 L.Ed. 984, United States v. Motsinger, 4 Cir., 123 F.2d 585, United States v. Weisburn, D.C.E.D.Pa., 48 F.Supp. 393, and United States v. First Huntington Nat. Bank, D.C.S.D.W.Va., 34 F.Supp. 578, are not applicable in the present situation, because they all involve a liability for taxes imposed by law and not an independent and special liability which a party has voluntarily imposed upon himself by contract.

But appellee further argues that the six-year limitation of 26 U.S.C.A. Int. Rev.Code, § 276(c), still should control, because the contract on which the Government bases its suit shows that appellee was to take over all the assets and property of the taxpayer, and he therefore had the status of a "transferee", who was entitled to the benefit of the limitation by virtue of 26 U.S.C.A. Int.Rev.Code, § 311(a) (1).[6] The Government, however, is not seeking to hold appellee liable as a "transferee", i. e., as one who has taken over property which was legally entitled to be used to satisfy the Government's tax claim. Appellee has been sued upon the express promise in his agreement that "It is further agreed that the said Oreon E. Scott

---

[4] 26 U.S.C.A. Int.Rev.Code, § 3797(a) (14), defines "taxpayer" as follows: "The term 'taxpayer' means any person subject to a tax imposed by this title."

[5] Incidentally, by virtue of the filing and allowance of the Government's claim against the taxpayer's estate, the liability of the taxpayer had not been barred either, at least in relation to any assets that might be administered in the estate. As to the liability generally of

one who has agreed to pay another's debts, where the original debt becomes barred, see Lawrence Nat. Bank v. Rice, 10 Cir., 82 F.2d 28, rehearing denied, 10 Cir.; 83 F.2d 642. But note also Restatement, Contracts, s 136, Comment (i) on Subsection (2).

[6] Under 26 U.S.C.A. Int.Rev.Code, § 311(a), actions to enforce the liability of transferees are subject to the limitation of § 276(c).

304

[appellee] assumes and agrees also to pay all of the personal and individual debts and liabilities of the said Raymond G. Scott [taxpayer] now existing * * *." This provision, on its face, obviously was intended to create an express obligation on appellee's part to pay the Government's debt beyond and distinct from the general liability which might be imposed upon him by law as a transferee of the taxpayer's property. The fact that the promise to pay the taxpayer's debts and liabilities was made in connection with the purchase of assets and property does not make the nature and effect of the obligation any different than if it had been made in connection with some other kind of transaction and contract.

Appellee's brief suggests that there are defenses to the contract, such as failure of consideration, but these, of course, are matters for presentation in the District Court.

The conclusion reached makes unnecessary the consideration of any other question argued.

The judgment is reversed and the cause remanded for further proceedings.