OPINION. Tietjens, Judge: At the outset we dispose of the petitioners’ claim that the assessment of transferee liability against them was barred by the statute of limitations. The petitioners admit that the periods of limitation for assessment were extended by consents given by the Corporation and that the Corporation could not be heard to question the authority under which the consents Avere given. Nevertheless they argue that since the Corporation’s board of directors did not expressly authorize the consents, they, the petitioners, not being in privity Avith the Corporation can here assert the lack of authority. We find no merit in this contention. We think the consents were properly executed by corporate officers. It is admitted their validity could not be questioned by the Corporation. Simply because at the, time the last consent was given the petitioners had severed their connections with the Corporation should not place them in position to escape the effect of those consents. This Court has held that the statute which provides that the period of limitations for assessment of transferee liability shall be within 1 year after the expiration of the period of limitation for assessment against the taxpayer (see section 811 (b) (1)) means “the original period of limitation against the taxpayer as properly extended by consents.” Rite-Way Products, Inc., 12 T. C. 475. We find nothing in the statute or the cases which would confine this construction of the statute only to transferees who happened to be in privity with the taxpayer at the time a consent was executed. The assessment of transferee liability against the petitioners is not barred by the statute of limitations. We turn to the question of petitioners’ liability as transferees in equity for unpaid taxes of the Corporation. The provision of the Internal Revenue Code providing for such liability is as follows: SEO. 811. TRANSFERRED ASSETS. (a) Method of Collection. — The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, collected, and paid in the same manner and subject to the same provisions and limitations as in the case of a deficiency in a tax imposed by this chapter (including the provisions in case of delinquency in payment after notice and demand, the provisions authorizing distraint and proceedings in court for collection, and the provisions prohibiting claims and suits for refunds): (1) Transferees. — The liability, at law or in equity, of a transferee of property of a taxpayer, in respect of the tax (including interest, additional amounts, and additions to the tax provided by law) imposed upon the taxpayer by this chapter. * » * * * * . * Any such liability may be either as to the amount of tax shown on the return or as to any deficiency in tax. ******* (f) Definition of “Transferee”. — As used in this section, the term “transferee” includes heir, legatee, devisee, and distributee. On the liability in equity phase of the case the Commissioner alleges that the Corporation transferred $4,650 to John as a dividend in 1943 and also transferred to him the following amounts as unreasonable salary: $10,387.88 in 1943, $6,391.69 in 1944 and $3,083.29 in 1945. With reference to James, like allegations are made, the amounts, however, being $3,000 as a dividend in 1943, and $5,105.67, $5,649.96, and $5,233.29 as.unreasonable salary in the years 1943,1944, and 1945, respectively. It is further alleged that as a result of these transfer's the Corporation was left without funds to pay its tax deficiencies and as of November 30, 1945, its assets were exceeded by its liabilities. To hold a party liable as transferee in equity for a transferor’s delinquent taxes it must be proved (1) that the alleged transferee received assets of the transferor and (2) that the transferor was insolvent at the time of, or was rendered insolvent by, the transfer of assets. J. Warren Leach, 21 T. C. 70. Thus, a necessary item of proof for the years 1943 and 1944 is here lacking. We have no proof of insolvency of the Corporation in those years and to the contrary, have found as a fact that it was solvent. The payment of amounts in those years to the petitioners as compensation, even though unreasonable, did not render the Corporation insolvent. Accordingly, the petitioners cannot be held liable in equity for the amounts received by them from the Corporation in 1943 and 1944. The year 1945 presents a little different problem, for by November 30, 1945, the Corporation had become insolvent. No determination of deficiencies for that year was made by the Commissioner and his affirmative allegations that the amounts of $3,083.29 and $5,233.29 were received by John and James, respectively, as unreasonable salaries constitute new matters on which the Commissioner has the burden of proof. We do not think this burden has been met and we are unable to make findings that any portion of the salaries paid to the petitioners in 1945 was unreasonable. We hold that the petitioners are not liable as transferees in equity. This leaves us with the problem of the petitioners’ liability at law. To sustain his contention that the petitioners are so liable the Commissioner makes a two-pronged argument. First, he would base such liability on the contract executed on November 13, 1945, by the petitioners and Keane and Curtin whereby they agreed to pay a proportionate share of any “undisclosed” tax liabilities of the Corporation. Second, he argues that the petitioners became liable under Connecticut law by their conduct as directors of the Corporation in approving the purchase by the Corporation of its own shares while insolvent.[1] We think the Commissioner must fail in these arguments for the following reasons. The liability which is sought to be imposed on the petitioners is, in the words of section 311, “the liability at law * * * of a transferee of property of a taxpayer * * *” (Emphasis supplied). We take this to mean that in order to hold the petitioners liable at law as transferees there must be found some liability on their part which arose either by express agreement or by operation of law in connection with or because of the transfer to them of the taxpayer’s property. In Willard M. Whitney, 26 B. T. A. 212, it was said in regard to section 280, tbe predecessor of section 311, that before “the respondent may proceed under section 280 a person must be a transferee of property from the taxpayer in circumstances which make him liable at law or in equity for the tax.” Cf. United States v. Scott, 167 F. 2d 301. Such is not the situation here. No assets or property of the Corporation were transferred to the petitioners in connection with, in support of, or in consideration of their execution of the contract, the terms of which are set out in our findings. Neither did they receive any property of the Corporation in connection with the purchase of Curtin’s shares by the Corporation. The purchase price in that transaction passed to Curtin and not to the petitioners. These transactions, the November 13, 1945, contract and the sale of stock to Curtin, were entirely unrelated to the transfers of property on which the Commissioner relies to measure the petitioners’ liability, i. e., the alleged unreasonable salaries in 1943, 1944, 1945 and the dividend in 1943, and we do not think those transfers can be properly combined with either the contract or the Connecticut law in such a way that transferee liability at law will result. Perhaps the petitioners could be held for the Corporation’s unpaid taxes in an action at law based either on the contract or the provisions of the Connecticut statute cited by the Commissioner. Cf. Commissioner v. Keller, 59 F. 2d 499. Those questions we need not decide, for even were the petitioners so liable, their liabilities under the contract or the Connecticut law would not be those of a “transferee of property” within the meaning of section 311 as we construe it, and the summary collection procedure provided in that section would not be available to the Commissioner. M. H. Graham, 26 B. T. A. 301, appeal dismissed 63 F. 2d 997. We hold that on the facts before us the petitioners are not liable at law as transferees of the Corporation’s property. In view of our disposition of the above questions it is not necessary to decide whether the Commissioner properly determined the deficiencies against the Corporation set out in our preliminary statement, the propriety of which determination is attacked by the petitioners. Decision will he entered for the petitioners. The General Statutes of Connecticut (Revision of 1949), Vol. II, Sec. 5181: * * * No corporation shall acquire, purchase and hold its own stock unless to prevent loss upon a debt previously contracted, except with the approval of stockholders owning three-fourths of Its entire outstanding capital stock given at a stockholders’ meeting warned and held for that purpose; and such corporation shall not vote upon shares of Its own stock. No corporation shall purchase any of its own stock when it is insolvent, or by such purchase shall render Itself Immediately Insolvent. If any corporation shall purchase Its own stock when It is Insolvent, or by such purchase shall render Itself Immediately insolvent, the directors assenting to such purchase shall be personally liable for any debts of such corporation existing at the time of such purchase. * • •